# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND JONES,

        Plaintiff,

v.                                                 Case No. 18-C-1040

BRIAN F. BENNETT,

        Defendant.

## SCREENING ORDER

Plaintiff Raymond Jones, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915(a)(1). ECF Nos. 1–2. This decision and order resolves Plaintiff's motion for leave to proceed without prepayment of the filing fee and screens and dismisses the case.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was incarcerated when he filed his complaint. The PLRA allows prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee.

On September 4, 2018, Magistrate Judge Nancy Joseph ordered Plaintiff to pay an initial partial filing fee of $5.57. ECF No. 11. Plaintiff paid that amount on October 15, 2018. Therefore, the Court will grant Plaintiff's motion to proceed without prepayment of the full filing fee.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that, in May 2015, his attorney, Brian F. Bennett, was playing a video game on his cell phone during Plaintiff's criminal trial. ECF No. 1 at 2. Plaintiff also claims Bennett "had been at a bar the night before" his trial. *Id*. He asserts Bennett's conduct resulted in Plaintiff losing his case. Plaintiff attached to the complaint an Office of Lawyer Regulation letter, which appears

to show that Bennett entered into a "diversion agreement" to prevent such conduct in the future. ECF No. 1-1 at 3. For relief, Plaintiff seeks monetary damages and a letter from Bennett explaining why he was playing a video game on his phone during the trial. *Id*. at 4.

### THE COURT'S ANALYSIS

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In this case, Plaintiff asserts "5th Amendment" and ineffective assistance of counsel claims against Brian Bennett, his former attorney. But Bennett is not a state actor amenable to suit in a § 1983 case. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1983). In addition, Plaintiff cannot proceed with claims under § 1983 that would challenge his criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (barring any suit under § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction"); *Brown v. Hicks*, 676 F. App'x 601, 603 (7th Cir. 2017) (noting that district court properly dismissed Fifth Amendment claims, along with ineffective assistance of counsel claims, as those claims necessarily call the validity of conviction into question). This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1998), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Therefore, Plaintiff's claim against Bennett will be dismissed.

**CONCLUSION**

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for leave to proceed without the prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$344.43** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Green Bay, Wisconsin this   22nd   day of October, 2018.

                                                               s/ William C. Griesbach  
                                                               William C. Griesbach, Chief Judge  
                                                               United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.